# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBBIN CROSKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-29 ERW |
| ) | |
| ST. LOUIS COUNTY, MISSOURI, ) | **JURY TRIAL DEMANDED** |
| SAINT LOUIS UNIVERSITY d/b/a ) | |
| SLUCARE, MARY HASTINGS, *in her* ) | |
| *individual capacity*, AMANDA HUNT, ) | |
| *in her individual capacity*, and ) | |
| MONICA WOLF, *in her individual* ) | |
| *capacity*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Robbin Croskey (hereinafter "Plaintiff"), by and through her attorney, and for her Complaint against Defendant St. Louis County, Missouri (hereinafter "Defendant St. Louis County"), Defendant Saint Louis University d/b/a SLUCare (hereinafter "Defendant Saint Louis University"), Defendant Mary Hastings ("Defendant Dr. Hastings"), Defendant Amanda Hunt ("Defendant Hunt") and Defendant Monica Wolf ("Defendant Wolf") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights and for state law claims against the Defendants.

2. Plaintiff sues Defendant Dr. Hastings in her individual capacity.

3. Plaintiff sues Defendant Hunt in her individual capacity.

4. Plaintiff sues Defendant Wolf in her individual capacity.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3).

## VENUE

6. Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

7. Defendant St. Louis County is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

8. Defendant Saint Louis University is a quasi-public entity hired by St. Louis County to provide medical care in its correctional facilities, particularly the St. Louis County Jail.

9. Defendant St. Louis County owns and operates the St. Louis County Jail.

10. Defendant Dr. Hastings is a doctor who was providing care to persons detained at the St. Louis County Jail at the time Plaintiff was detained at the St. Louis County Jail as described herein.

11. Defendant Hunt is a nurse who was providing care to persons detained at the St. Louis County Jail at the time Plaintiff was detained at the St. Louis County Jail as described herein.

12. Defendant Wolf is a corrections officer who was working at the St. Louis County Jail at the time Plaintiff was detained at the St. Louis County Jail as described herein.

## COLOR OF STATE LAW

13. At all relevant times, Defendant Dr. Hastings acted under color of state law.

14. Particularly, Defendant Dr. Hastings acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

15. At all relevant times, Defendant Hunt acted under color of state law.

16. Particularly, Defendant Hunt acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

17. At all relevant times, Defendant Wolf acted under color of state law.

18. Particularly, Defendant Wolf acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

**Waiver of Sovereign Immunity**

19. At the relevant times, Defendant St. Louis County had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by county employees engaged in government functions, including those claims and causes of action for damages as described herein.

20. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant St. Louis County[1].

**FACTUAL BACKGROUND**

21. On June 1, 2011, Plaintiff was taken to Barnes-Jewish Hospital emergency room for evaluation before being detained at the St. Louis County Jail.

22. During Plaintiff's evaluation at Barnes-Jewish Hospital on June 1, 2011, Plaintiff learned that she was pregnant.

23. Plaintiff is Rh negative, a blood factor that is important to be determined in pregnant women.

24. Prior to Plaintiff's June of 2011 pregnancy, Plaintiff had previously been pregnant 3 times and given birth to 3 children.

25. Because Plaintiff is Rh negative, during Plaintiff's pregnancies prior to June of 2011, Plaintiff received RhoGAM shots to avoid complications and harmful effects to Plaintiff's

---

[1] RSMo. § 71.180 and/or § 537.610.

children in future pregnancies.

26. Upon Plaintiff's release from Barnes-Jewish Hospital on June 2, 2011, doctor's instructed that Plaintiff should be seen by an Obstetrician/Gynecologist "within 2 days without fail."

27. On June 2, 2011, discharge instructions from Barnes-Jewish Hospital were given to the officer who transported Plaintiff from Barnes-Jewish Hospital to the St. Louis County Jail.

28. The officer in turn provided medical personnel at the St. Louis County Jail with the discharge instructions.

29. Medical personnel at the St. Louis County Jail provided Plaintiff's discharge instructions to Defendant Dr. Hastings, particularly informing Defendant Dr. Hastings that Plaintiff was a high-risk pregnancy and Plaintiff needed to be seen by an Obstetrician/Gynecologist within 2 days.

30. Additionally, Plaintiff notified medical personnel on June 2, 2011 and every day thereafter that she needed her shots because she was Rh negative.

31. Medical personnel at the St. Louis County Jail provided Plaintiff's statements that she needed her shots to Defendant Dr. Hastings.

32. Plaintiff was referring to RhoGAM shots.

33. Defendant Dr. Hastings did not schedule Plaintiff an appointment with an Obstetrician/Gynecologist upon Plaintiff returning to the St. Louis County Jail on June 2, 2011.

34. Defendant Dr. Hastings did not administer RhoGAM shots to Plaintiff upon Plaintiff returning to the St. Louis County Jail on June 2, 2011.

35. Daily and several times from June 3, 2011 to June 9, 2011 Plaintiff told Defendant Hunt and Defendant Wolf that Plaintiff was in extreme pain, had abdominal cramping and vaginal bleeding.

4

36. Defendant Hunt and Defendant Wolf observed blood in the toilet of Plaintiff's jail cell and on a pad.

37. Defendant Hunt and Defendant Wolf did not arrange for Plaintiff to receive medical treatment.

38. On June 9, 2011, Plaintiff was taken to Barnes-Jewish Hospital emergency room from the St. Louis County Jail as she was experiencing vaginal bleeding.

39. Plaintiff's pregnancy was again confirmed and Plaintiff was diagnosed with a threatened pregnancy.

40. Plaintiff was given a RhoGAM shot at Barnes-Jewish Hospital on June 9, 2011 or June 10, 2011.

41. Upon Plaintiff's release from Barnes-Jewish Hospital on June 10, 2011, doctor's instructed that Plaintiff should "return to this emergency room in two days."

42. On June 10, 2011, discharge instructions from Barnes-Jewish Hospital were given to the officer who transported Plaintiff from Barnes-Jewish Hospital to the St. Louis County Jail.

43. The officer in turn provided medical personnel at the St. Louis County Jail with the discharge instructions.

44. Medical personnel at the St. Louis County Jail provided Plaintiff's discharge instructions to Defendant Dr. Hastings, particularly informing Defendant Dr. Hastings that Plaintiff was to be seen in 48 hours.

45. Additionally, Plaintiff notified medical personnel on June 10, 2011 and every day thereafter that she needed her shots because she was Rh negative.

46. Medical personnel at the St. Louis County Jail provided Plaintiff's statements that Plaintiff needed her shots to Defendant Dr. Hastings.

5

47. Plaintiff was referring to RhoGAM shots.

48. Defendant Dr. Hastings did not schedule Plaintiff an appointment with an Obstetrician/Gynecologist upon Plaintiff returning to the St. Louis County Jail on June 10, 2011.

49. Defendant Dr. Hastings did not administer RhoGAM shots to Plaintiff upon Plaintiff returning to the St. Louis County Jail on June 10, 2011.

50. Daily and several times from June 11, 2011 to Plaintiff's release from the St. Louis County Jail, Plaintiff told Defendant Hunt and Defendant Wolf that Plaintiff was in extreme pain, had abdominal cramping and vaginal bleeding.

51. Defendant Hunt and Defendant Wolf observed blood in the toilet of Plaintiff's jail cell and on a pad.

52. Defendant Hunt and Defendant Wolf did not arrange for Plaintiff to receive medical treatment.

53. Plaintiff subsequently suffered a miscarriage while in the St. Louis County Jail.

### COUNT I
### VIOLATION OF CIVIL RIGHTS – DENIAL OF MEDICAL CARE
### 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
### AGAINST DEFENDANT MARY HASTINGS, DEFENDANT AMANDA HUNT AND DEFENDANT MONICA WOLF
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES

54. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

55. At all relevant times, Plaintiff had a constitutionally protected right under the Fourteenth Amendment to the U.S. Constitution to receive needed care while in the St. Louis County Jail, and to have her health issues timely and properly assessed and treated.

56. Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf deliberately disregarded the immediate and serious threat to the health and well-being of persons in the St. Louis

County Jail, including Plaintiff, in need of health treatment, and exhibited deliberate and callous indifference to serious health needs, by denying access to intensive and structured health care and treatment.

57. Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf were well aware that Plaintiff, confined in the St. Louis County Jail, suffered from severe health needs and was at risk of serious bodily harm if those health needs were not attended to.

58. Despite Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf's knowledge, Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf intentionally and knowingly failed to provide serious, ongoing case management and treatment for Plaintiff and failed to regularly monitor her health care needs.

59. Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf knew at all relevant times that there was a substantial risk that if Plaintiff, who suffered from severe health needs, was left substantially untreated, serious bodily harm was imminent and immediate.

60. Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf deliberately disregarded the immediate and serious threat to Plaintiff's health and well-being and exhibited deliberate indifference and callous indifference to her serious medical needs by denying and unreasonably delaying access to competent health care to treat her Rh negative and pregnancy conditions.

61. In light of the aforementioned, Plaintiff suffered from both an objectively and subjectively substantial risk of serious harm while under the care and custody of Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf and Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf reacted to this risk in an objectively and subjectively unreasonable manner.

62. Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf's failures, as alleged

above, were the cause of Plaintiff's inability to have any more children, severe pain, suffering and emotional distress.

63. As a result of Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf's disregard of and indifference to Plaintiff's constitutionally protected right to be provided with proper care, Plaintiff's medical needs were ignored and Plaintiff was instead subjected to inattention.

64. As a direct and proximate result of Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf's deliberate indifference to Plaintiff's serious health needs, Plaintiff's ability to conceive any future children was significantly affected and Plaintiff suffered severe pain, suffering and emotional distress.

**Compensatory Damages**

65. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Dr. Hastings, Defendant Hunt and Defendant Wolf.

**Punitive Damages**

66. Defendant Dr. Hastings' actions were:

    (a)    Reckless;

    (b)    Showed callous indifference toward the rights of Plaintiff; and

    (c)    Were taken in the face of a perceived risk that the actions would violate federal law.

67. Plaintiff is entitled to an award of punitive damages against Defendant Dr. Hastings in her individual capacity, in order to punish her and to deter others.

68. Defendant Hunt's actions were:

    (a)    Reckless;

      (b)      Showed callous indifference toward the rights of Plaintiff; and

      (c)      Were taken in the face of a perceived risk that the actions would violate federal law.

69.      Plaintiff is entitled to an award of punitive damages against Defendant Hunt in her individual capacity, in order to punish her and to deter others.

70.      Defendant Wolf's actions were:

      (a)      Reckless;

      (b)      Showed callous indifference toward the rights of Plaintiff; and

      (c)      Were taken in the face of a perceived risk that the actions would violate federal law.

71.      Plaintiff is entitled to an award of punitive damages against Defendant Wolf in her individual capacity, in order to punish her and to deter others.

**Attorney's Fees**

72.      Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Dr. Hastings in her individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages against Defendant Dr. Hastings in her individual capacity, against Defendant Hunt in her individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages against Defendant Hunt in her individual capacity, Defendant Wolf in her individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages against Defendant Wolf in her individual capacity, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as

may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT II
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
## AGAINST DEFENDANT ST. LOUIS COUNTY, MISSOURI
## FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

73. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

### Compensatory Damages

### Delegation to Defendant Dr. Hastings

74. The policy maker for Defendant St. Louis County is the county executive, and the county executive delegated full authority and empowered Defendant Dr. Hastings to make policy.

75. That delegation of authority by the actual policy maker of Defendant St. Louis County placed Defendant Dr. Hastings in a policy making position, and the acts of Defendant Dr. Hastings as stated herein, may fairly be said to be those of the Defendant St. Louis County.

76. Those acts of Defendant Dr. Hastings stated herein therefore subject Defendant St. Louis County to liability for the constitutional violations of Defendant Dr. Hastings.

### Compensatory Damages

77. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant St. Louis County.

### Attorney's Fees

78. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant St. Louis County for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just

under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT III
### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR*
### AGAINST DEFENDANT SAINT LOUIS UNIVERSITY
### AND DEFENDANT ST. LOUIS COUNTY, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

79. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

80. At all relevant times Defendant Dr. Hastings was:

   (a) Serving as an employee of Defendant Saint Louis University as a doctor;

   (b) Engaging in a government function; and

   (c) Acting within the course and scope of that employment.

81. At all relevant times Defendant Hunt was:

   (a) Serving as an employee of Defendant Saint Louis University as a nurse;

   (b) Engaging in a government function; and

   (c) Acting within the course and scope of that employment.

82. At all relevant times Defendant Wolf was:

   (a) Serving as an employee of Defendant St. Louis County as a corrections officer;

   (b) Engaging in a government function; and

   (c) Acting within the course and scope of that employment.

83. Defendant Saint Louis University is liable under a theory of *respondeat superior*[2].

84. Defendant St. Louis County is liable under a theory of *respondeat superior*[3].

85. The actions of Defendant Dr. Hastings caused the damages to Plaintiff as outlined

---

[2] Plaintiff makes this claim based on the dissent of Justice Breyer in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 416 (1997).
[3] Id.

herein.

86. The actions of Defendant Hunt caused the damages to Plaintiff as outlined herein.

87. The actions of Defendant Wolf caused the damages to Plaintiff as outlined herein.

### Compensatory Damages

88. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Saint Louis University.

89. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant St. Louis County.

### Attorney's Fees

90. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Saint Louis University and Defendant St. Louis County for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
James W. Schottel, Jr.   #51285MO
906 Olive St., PH
St. Louis, MO 63101
(314) 421-0350
(314) 421-4060 facsimile
jwsj@schotteljustice.com

Attorney for Plaintiff
Robbin Croskey